THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| AMIEL BUNKLEY<br><br>    *Plaintiff,*<br>v.<br><br>GRUBHUB HOLDINGS INC.,<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)   No. 1:24-cv-06150<br>)<br>)   Chief Judge Virginia M. Kendall<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff Amiel Bunkley brought this suit against his former employer, Grubhub Holdings Inc. ("Grubhub"), alleging race discrimination, sex discrimination, and unlawful retaliation under Title VII of the Civil Rights Act of 1964, as well as race discrimination under 42 U.S.C. § 1981. (Dkt. 1). Grubhub moves to dismiss Bunkley's complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 18; Dkt. 19 at 1–2). For the below reasons, Grubhub's Motion to Dismiss [18] is granted in part and denied in part. Bunkley's § 1981 claim is dismissed with prejudice, but the Court allows his Title VII claims to proceed.

**BACKGROUND**

The Court takes the following facts as true and liberally construes Bunkley's pleading. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016); *Greyer v. IDOC*, 933 F.3d 871, 878 (7th Cir. 2019); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up).

Amiel Bunkley, a black man, worked for Grubhub as a restaurant care manager from December 3, 2019 to April 21, 2021. (*See* Dkt. 1 at 1–2, 9, 12). Bunkley alleges that, during this period, Grubhub employees discriminated against him based on his race and sex. (*Id.* at 2). For example, he claims that he was qualified for promotions and eligible to receive bonuses but was denied both while similarly situated female and non-black employees were treated more favorably. (*See id.* at 12–13). On July 8, 2019, Bunkley complained to his manager, Sergio Vasquez, about what he perceived to be unlawful discrimination. (*Id.* at 11). On February 4, 2020, Caroline Smith, a Grubhub human resources representative, told Bunkley that his discrimination complaint was "unfounded." (*Id.*) Throughout the remainder of 2020, various Grubhub managers and human resources representatives threatened to terminate Bunkley. (*Id.*). On April 10, 2021, Grubhub did terminate Bunkley's employment. (*Id.* at 22–23). Eight months later, on December 29, 2021, Bunkley filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (Dkt. 1 at 2). Bunkley received a Notice of Right to Sue from the EEOC on April 26, 2024. (Dkt. 1 at 3).

Bunkley filed a form employment discrimination complaint with this Court on July 22, 2024. (Dkt. 1). On February 6, 2025, 199 days later, U.S. Marshals served Grubhub with Bunkley's complaint upon order of the Court. (Dkt. 15; Dkt. 16). Bunkley's form complaint consists of several checked boxes alleging Grubhub discriminated against him based on his race, pursuant to Title VII and 42 U.S.C. § 1981, and based on his sex, pursuant to Title VII. (Dkt. 1 at 3–4). In the section designated for supporting facts, Bunkley states, "[a]fter reporting my department and the senior management for discrimination on the basis of race and sex. I was repeatedly retaliated against." (Dkt. 1 at 5). Bunkley attached 77 pages of documents, consisting primarily of his administrative charges and correspondence between him and various Grubhub employees related

to scheduling, workplace interactions, and management decisions. (Dkt. 1 at 7–83). Grubhub now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Dkt. 18; Dkt. 19).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). At the 12(b)(6) stage, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in his favor. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). However, "[l]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616 (citing *Iqbal*, 566 U.S. at 678). "A complainant can plead himself out of court by including factual allegations sufficient to establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve defendants within 90 days of filing a complaint. Failure to do so mandates dismissal unless the plaintiff demonstrates either good cause or the Court, in its discretion, grants an extension for excusable neglect. Fed. R. Civ. P. 4(m); *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *see also United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) ("[I]f good cause for the delay is

shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time[.]" (emphasis in original)).

## DISCUSSION

I.     **Insufficient Service of Process—Rule 12(b)(5)**

It is undisputed that Bunkley did not serve Grubhub within the required 90-day period under Rule 4(m). (Dkt. 19 at 4–5; Dkt. 16). Bunkley filed his complaint on July 22, 2024. (Dkt. 1). During his first status hearing on December 10, 2024, the Court advised him that he needed to serve Grubhub. (Dkt. 12). At the next status hearing held on February 4, 2025, Bunkley reported that he had still not served the Defendant but had visited the *pro se* help desk after the December 10 hearing, attempted to initiate service, but inadvertently completed the wrong form. (*See* Dkt. 15). The Court then ordered the U.S. Marshal Service to complete service, which was effectuated two days later, on February 6, 2025. (*Id.*; Dkt. 16).

While service occurred well outside of the 90-day window, the Court finds that this is a case of excusable neglect warranting a discretionary extension of time. *Pro se* litigants are entitled to leniency where they make diligent efforts but are hindered by procedural complexity. *See Hampton v. DuPage County*, 2024 WL 1376145, at *4 (N.D. Ill. Mar. 31, 2024). First, Bunkley did not even appear before the Court within 90 days of filing his complaint. (*See* Dkt. 1; Dkt. 12). It became clear once Bunkley appeared that he would need assistance adhering to the procedural requirements of prosecuting a civil case. The Court directed him to the *pro se* help desk, but his initial efforts to serve Grubhub were unavailing. The Court takes Bunkley's representations at face value: that he attempted to effectuate service multiple times but had trouble following the proper procedures. (Dkt. 15). While he did neglect his responsibilities, that neglect was excusable. *See Carr*, 2022 WL 13919326, at *3. A procedural dismissal at this stage for his service of process

4

difficulties would be too harsh a penalty. Accordingly, Grubhub's Motion to Dismiss under Rule 12(b)(5) is denied.

## II. Failure to State a Claim—Rule 12(b)(6)

### A. Title VII Claims

Next, Grubhub asks the Court to dismiss Bunkley's complaint because it is factually deficient. Grubhub's primary contention is that Bunkley's Title VII claims for race discrimination, sex discrimination, and retaliation should be dismissed because he filed a "shotgun pleading." (Dkt. 19 at 5). Shotgun complaints are those that are "so lengthy, repetitive, and jumbled as to make it impossible for [d]efendants or the court to ascertain which facts are relevant to which claims and to which defendant(s)." *Eberhardt v. Vill. of Tinley Park*, 2020 WL 10618313, at *1 (N.D. Ill. Oct. 14, 2020). They do not comply with Federal Rules of Civil Procedure 8(a)(2) or 10(b) and leave defendants without adequate notice of the plaintiff's claims. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946–47 (7th Cir. 2013). At the same time, the Court will not dismiss a complaint simply because it "contains repetitious and irrelevant matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The Court construes Bunkley's complaint liberally, and holds it to a less stringent standard than one drafted by an attorney. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Moreover, courts in this circuit have "taken a relatively expansive view of the documents that a district court properly may consider in disposing of a motion to dismiss." *Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013). Generally, it is appropriate for the Court to consider documents that are attached to a complaint or otherwise referenced and central to the claim for relief. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019). With this backdrop in mind, the Court finds that Bunkley's complaint is

not an impermissible shotgun pleading and dismissal is unwarranted based on the form of his submission alone. *See Donald v. Cook Cnty. Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996) (observing that courts should take "appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds").

Bunkley's form complaint is sparse on facts. He includes just two sentences alleging that he reported "discrimination on the basis of race & sex" and was subsequently "repeatedly retaliated against." (Dkt. 1 at 5). Instead of elaborating upon the alleged discrimination in the complaint itself, Bunkley attaches his EEOC charge of discrimination, and several additional documents, including email communications between him and his former colleagues to substantiate his claims. (*See* Dkt. 1 at 7–83). While the attachments are voluminous on their face, most of the 77 pages represent a "disposable husk around a core of proper pleading." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). It is clear to the Court that the factual claims on which Bunkley intends to rely are those set forth in his fifteen-page EEOC charge of discrimination. (Dkt. 1 at 9–23).

The facts in Bunkley's charge of discrimination include several concrete allegations. For example, Bunkley alleges that his manager, Sergio Vasquez, often made disparaging statements about his skills, referred to him and other black employees as distractions, and directed him and other black employees to work in a specific area where they could be closely monitored. (*Id.* at 9). He further alleges that he complained to Vasquez on July 8, 2019 about what he perceived to be racial discrimination in the workplace (*Id.* at 11). Bunkley alleges that, throughout 2020, he was denied promotions, pay raises, and monetary bonuses, and that he was demoted from the Back Office Team to a position as a Restaurant Technical Care Agent. (*See id.* at 12–22). Finally, Bunkley alleges that his employment was terminated on April 10, 2021. (*Id.* at 22–23). Bunkley

6

claims that these actions were tied to his race or sex, or otherwise linked to his complaints of discrimination. (*See, e.g., id.*).

As Grubhub correctly observes, the core question in determining if Bunkley takes an impermissible "shotgun" approach is whether his complaint and the attached documents give them a fair opportunity to respond, "without creating confusion or hiding the ball." *Douglas v. Alfasigma USA, Inc.*, 2021 WL 2473790, at *9 (N.D. Ill. June 17, 2021); (Dkt. 19 at 5). As Grubhub is the only Defendant, there is no risk of confusion over what allegations apply to which defendants. *See Uldrych v. Vill. of Merrionette Park*, 2020 WL 7714213, at *1 n.1 (N.D. Ill. Dec. 29, 2020). And while Bunkley's pleading includes extraneous information, the core facts underlying his claims are easy to follow. There has been no obfuscation, and Grubhub must respond to Bunkley's substantive claims, rather than challenge his method of presenting them.

Grubhub briefly suggests that even considering Bunkley's 77 pages of attachments, his complaint is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); (Dkt. 19 at 7). As discussed above, that is not so. Grubhub does not so much as provide the elements necessary to establish a Title VII claim, much less present an argument as to why Bunkley's factual allegations fail to meet those requirements. Accordingly, the Court goes no further in assessing the legal sufficiency of Bunkley's claims. It is not the Court's "responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (quoting *APS Sprots Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002)); *see also Santa Maria v. Loyola Univ. of Chicago Stritch Sch. of Med.*, 2024 WL 4119159, at *7 (N.D. Ill. Sept. 9, 2024) (finding a defendant waived any argument regarding the sufficiency of facts supporting a

7

plaintiff's retaliation claim when the only basis for the motion to dismiss was that the complaint was an "impermissible 'shotgun' pleading").

Accordingly, Grubhub's Motion to Dismiss Bunkley's Title VII race discrimination, sex discrimination, and retaliation claims is denied.

### B. 42 U.S.C. § 1981 Claim

To the extent Bunkley has pled a 42 U.S.C. § 1981 claim by checking the race discrimination box on his form complaint, that claim is dismissed with prejudice. Section 1981 liability requires that race be the but-for cause of the alleged harm and, here, Bunkley alleges discrimination based on both race and sex. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) ("[A] plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."); *Piccioli v. Plumbers Welfare Fund Loc. 130*, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020) ("[A] plaintiff cannot survive a motion to dismiss upon a showing that racial discrimination was one factor among many in a defendant's decision."). Bunkley's allegations suggest that his race was one factor among many that led to Grubhub's retaliatory conduct. This approach necessarily forecloses his right to relief under § 1981. *Piccioli*, 2020 WL 6063065, at *6; *O'Gorman*, 777 F.3d at 889.

**CONCLUSION**

For the above reasons, Grubhub's Motion to Dismiss [18] is granted in part and denied in part. Bunkley's § 1981 claim is dismissed with prejudice. His Title VII claims for race discrimination, sex discrimination, and retaliation remain.

_____
Virginia M. Kendall
United States District Judge

Date: May 29, 2025